UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH JOHNSON, | No. 2:19-cv-2215 DB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge erred at step three of the sequential evaluation and the Administrative Law Judge's question to the Vocational Expert was incomplete.

For the reasons explained below, plaintiff's motion is granted in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and this matter is remanded for further proceedings.

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 20.)

1

**PROCEDURAL BACKGROUND**

In May of 2016, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on December 19, 2014. (Transcript ("Tr.") at 22, 174-80.) Plaintiff's alleged impairments included chronic neck pain, cervical disc degeneration, left lateral epicondylitis, impulse control disorder, and mood disorder. (Id. at 192.) Plaintiff's application was denied initially, (id. at 108-12), and upon reconsideration. (Id. at 114-19.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on April 26, 2018. (Id. at 40-75.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 40-43.) In a decision issued on September 12, 2018, the ALJ found that plaintiff was not disabled. (Id. at 34.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.
>
> 2. The claimant has not engaged in substantial gainful activity (SGA) since December 19, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: cervical degenerative disc disease (DDD); bilateral lateral epicondylitis, status post left lateral epicondylitis release; arthritis of the right hip; obesity; impulse-control disorder; and mood disorder (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) except he can frequently climb ramps and stairs; occasionally climb ladders, ropes or scaffolds; frequently balance, stoop, and kneel; occasionally crouch and crawl; occasionally reach overhead with the bilateral upper extremities; and frequently reach otherwise with the left upper extremity. He must use a walker or cane to ambulate. He can perform simple routine tasks; he can have occasional contact with coworkers and the general public; and he can tolerate occasional changes to routine work settings.

////

> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. The claimant was born [in] 1970 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from December 19, 2014, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 24-34.)

On August 27, 2019, the Appeals Council denied plaintiff's request for review of the ALJ's September 12, 2018 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on October 31, 2019. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or

reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following two principal claims: (1) the ALJ erred at step three of the sequential evaluation; and (2) the ALJ's hypothetical question to the Vocational Expert was incomplete. (Pl.'s MSJ (ECF No. 19) at 5-11.[2])

////

////

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

**I.      Step Three Error**

Plaintiff argues that the ALJ erred at step three of the sequential evaluation by failing to address Listing 12.05(B). (Id. at 5-8.) At step three of the sequential evaluation, the ALJ must determine whether a claimant's impairment or impairments meet or equal one of the specific impairments set forth in the Listings. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The physical and mental conditions contained in the Listings are considered so severe that "they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." Lester, 81 F.3d at 828. The Listings were "designed to operate as a presumption of disability that makes further inquiry unnecessary." Sullivan v. Zebley, 493 U.S. 521, 532 (1990); see also Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). If a claimant shows that her impairments meet or equal a Listing, she will be found presumptively disabled. 20 C.F.R. §§ 404.1525-404.1526, 416.925-416.926.

The claimant bears the burden of establishing a prima facie case of disability under the Listings. See Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002). To "meet" a listed impairment, the claimant must establish that her condition satisfies each element of the listed impairment. See Zebley, 493 U.S. at 530; Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). To "equal" a listed impairment, the claimant "must establish symptoms, signs, and laboratory findings" at least equal in severity and duration to each element of the listed impairment. Id.

Listing 12.05(B) is satisfied by showing:

> 1.   Significantly subaverage general intellectual functioning evidenced by a or b:
>
> a.   A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
>
> b.   A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and
>
> 2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

////

      a. Understand, remember, or apply information; or

      b. Interact with others; or

      c. Concentrate, persist, or maintain pace; or

      d. Adapt or manage oneself; and

    3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

APPENDIX 1–PART–A2 TO SUBPART P OF PART 404—LISTING OF IMPAIRMENTS, 20 C.F.R. Pt. 404, Subpt. P, App. 1 20 C.F.R. Part 404, Subpt. P, App. 1 § 12.05.

Here, on May 1, 2018, Dr. April Young, Ph.D., evaluated plaintiff and provided a Psychological Assessment Report. (Tr. at 1982-87.) Dr. Young's assessment included administering several tests including the Wechsler Adult Intelligence Scale-IV ("WAIS-IV"). (Id. at 1982.) WAIS-IV testing found that plaintiff had a "Full Scale IQ score (64)" which "fell within the Extremely Low range." (Id. at 1984.)

The ALJ acknowledged Dr. Young's report at step three of the sequential evaluation, noting that Dr. Young found plaintiff's performance on visual and verbal measures "fell within the extremely low to borderline range." (Id. at 26.) However, the ALJ did not discuss plaintiff's Full Scale IQ score, despite such a score being directly relevant to Listing 12.05(B). Indeed, the ALJ failed to discuss Listing 12.05(B) entirely at step three of the sequential evaluation. (Id. at 25-26.)

Moreover, Dr. Young's report contained additional relevant findings. Specifically, Dr. Young noted that "WRAT-4" testing found that plaintiff's "academic abilities fell within the Low to Lower Extreme ranges." (Id. at 1984.) That plaintiff's "memory functioning . . . fell within the extremely low to borderline ranges." (Id.) That plaintiff's "Beck Anxiety Inventory" score "fell within the moderate range." (Id. at 1985.) And that the "[r]esults of the Beck Depression inventory fell within the severe range." (Id.)

////

////

6

Although the ALJ did discuss Dr. Young's findings in greater detail at later steps in the sequential evaluation, the ALJ concluded that discussion by simply stating "Dr. Young's report supports a finding that the claimant is mentally limited to simple, routine tasks, as reflected in the RFC." (Id. at 32.)  It is entirely unclear from this vague and conclusory finding, however, why the ALJ found that plaintiff did not meet or equal Listing 12.05(B) or how the ALJ's residual functional capacity determination accounted for the limitations found by Dr. Young.  Such circumstances constitute harmful error.  See Pryor v. Saul, 776 Fed. Appx. 965, 966 (9th Cir. 2019) ("The ALJ did not analyze whether Pryor demonstrated deficits in adaptive functioning manifesting before age 22.  Therefore, the ALJ's error regarding the remaining Listing 12.05(C) criteria requires remand."); Thresher v. Astrue, 283 Fed. Appx. 473, 475 (9th Cir. 2008) ("But here, while the ALJ pointed to the level of Thresher's functioning, she did not find that the score was invalid, and the listing does not speak to functioning—it speaks only to the IQ score itself.  Thus, we remand to the Commissioner for clarification regarding the nature of the considerations applied at step 3 and, particularly, precisely what was decided and why."); Hagan v. Colvin, No. 2:14-cv-2464 EFB, 2016 WL 1137102, at *4 (E.D. Cal. Mar. 23, 2016) ("As the ALJ failed to discuss plaintiff September 2007 performance IQ score, the court cannot sustain his step-three finding.").

Accordingly, the court finds that plaintiff is entitled to summary judgment with respect to the claim that the ALJ erred at step three of the sequential evaluation.

**II.     Incomplete Hypothetical Question**

Plaintiff also argues that the ALJ's hypothetical question to the Vocational Expert ("VE") failed to account for plaintiff's limitations.  (Pl.'s MSJ (ECF No. 19) at 8-11.)  At step five, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations.'" Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (alterations in original)).  "To aid in making this determination, the ALJ may rely on an impartial vocational expert to provide testimony about jobs the applicant can perform despite his or her limitations." Gutierrez v. Colvin, 844 F.3d 804, 806-07 (9th Cir. 2016).

7

1   While an ALJ may pose a range of hypothetical questions to a VE based on alternate interpretations of the evidence, the hypothetical question that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical question that is predicated on the ALJ's final residual functional capacity assessment, ("RFC"), must account for all of the limitations and restrictions of the particular claimant.  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

"If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy."  Id. (citation and quotation marks omitted); see also Taylor v. Commissioner of Social Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011) ("Because neither the hypothetical nor the answer properly set forth all of Taylor's impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings.").  Moreover, "[w]hen there is an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT")—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency."  Zavalin, 778 F.3d at 846.

Here, plaintiff argues that the ALJ's hypothetical question to the VE failed to include all of plaintiff's manipulative restrictions as identified in the RFC.  (Pl.'s MSJ (ECF No. 19) at 8.)  Specifically, plaintiff argues:

> the ALJ ultimately relied on a combination of factors that included both "occasional overhead reaching bilaterally" and "frequent" reaching otherwise with the left upper extremity.  However, this hypothetical was never presented to the VE.  Instead, the VE was asked to consider *separately* someone limited to occasional reaching (hypothetical 2) or frequent reaching (hypothetical 3) but not both.  Thus the VE's testimony was premised on an incomplete hypothetical that did not include all the limitations in the ALJ's residual functional capacity assessment.

(Id. at 10-11) (emphasis in original).  Plaintiff, however, is incorrect.

The transcripts reflect that the ALJ asked the VE a hypothetical question that included limitations to "occasionally reach overhead with the bilateral upper extremities, frequently reach in any direction, otherwise with the left upper extremity."  (Tr. at 71.)  That is consistent with the

8

1  ALJ's RFC determination that plaintiff could "occasionally reach overhead with the bilateral
2  upper extremities; and frequently reach otherwise with the left upper extremity." (Id. at 27.) The
3  VE testified that even with these limitations there were jobs that a person with such limitations
4  could perform. (Id. at 71.) And the ALJ relied on that testimony in finding that plaintiff was not
5  disabled. (Id. at 33.)

6  Accordingly, for the reasons stated above, the court finds that plaintiff is not entitled to
7  summary judgment on the claim that the ALJ's hypothetical question to the VE was incomplete.

## CONCLUSION

9  With error established, the court has the discretion to remand or reverse and award
10 benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded
11 under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

16 Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

17 Even where all the conditions for the "credit-as-true" rule are met, the court retains
18 "flexibility to remand for further proceedings when the record as a whole creates serious doubt as
19 to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at
20 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court
21 concludes that further administrative proceedings would serve no useful purpose, it may not
22 remand with a direction to provide benefits."); Treichler, 775 F.3d at 1105 ("Where . . . an ALJ
23 makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand
24 the case to the agency.").

25 Plaintiff argues that "[w]here, as here, 'the agency has not considered all relevant factors,'
26 the 'proper course, except in rare circumstances, is to remand to the agency for additional
27 investigation or explanation.'" (Pl.'s MSJ (ECF No. 19) at 8) (quoting Treichler, 775 F.3d at
28 1099). The court agrees. Thus, this matter must be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (ECF No. 21) is granted in part and denied in part;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: March 14, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\johnson2215.ord